UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN THE MATTER OF APPLICATIONS OF THE UNITED STATES OF AMERICA FOR AUTHORIZATION TO OBTAIN HISTORICAL RECORDS CONTAINING CELL SITE INFORMATION, PEN REGISTER / TRAP AND TRACE DEVICES WITH CELL SITE INFORMATION, AND GPS PING DATA CONCERNING THE TARGET MOBILE PHONE BEARING T-MOBILE PHONE NUMBER 603-820-2656 | Case No. 21-mj-269-AJ-01<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Matthew McDonald, being first duly sworn, hereby depose and state as follows that I am Task Force Officer with the United States Postal Inspection Service (USPIS), duly appointed and acting as such:

**Purpose of Affidavit**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 603-820-2656, hereafter "Target Cellular Phone." A search of TLO a law enforcement database which has proven reliable in previous investigations and returns limited subscriber information on queried cell phones yielded no results for the Target Cellular phone which I have reason to believe is used for the purpose of trafficking in illegal narcotics. I was able to determine the Target Cellular Phone's service provider is T-Mobile, a service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey.

2. The Target Cellular Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B. As described more

fully in Attachment B, this application requests data about the physical location of the Target Cellular Phone including but not limited to E-911 Phase II data (or the specific latitude and longitude or other precise location information) for a period of thirty (30) days.

3. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. See 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. See 18 U.S.C. § 3123(b)(1).

4. Based on the facts set forth in this affidavit, I respectfully submit that there is probable cause to believe that the subscriber/user of the Target Cellular Phone is involved in a conspiracy to distribute Cocaine in violation of Title 21, United States Code, Sections 841 and 846.

5. In addition, there is probable cause to believe that this individual has used the Target Cellular Phone as a tool in committing that crime. There is also probable cause to believe that the location information for the Target Cellular Phone described in Attachment B will lead to evidence of such crimes, within the meaning of Federal Rule of Criminal Procedure 41(c)(1), (2) and (3). Obtaining the location information for the Target Cellular Phone will assist in locating and identifying subscriber/user of the Target Cellular Phone and learning additional information about the movement patterns of this individual and the larger Drug Trafficking Organization.

6. This affidavit is based upon my training and experience as a Task Force Officer of the USPIS and as a member of the Manchester Police Department, information obtained from

other agents and witnesses, and my personal participation in this investigation. This affidavit is intended to show only that there is enough probable cause for the requested warrant and does not set forth all my knowledge about this matter.

### Investigator Background

7. I am a Task Force Officer (TFO) with the United States Postal Inspection Service ("USPIS") and have been assigned to this position since February 2021. I am assigned to the Manchester, NH Domicile and specifically the Contraband Interdiction and Investigations Program. I am a sworn law enforcement officer in the State of New Hampshire and have been employed by the Manchester, New Hampshire, Police Department since 2013. Within the Manchester Police Department, I am assigned as a detective with the Special Enforcement Division-Special Investigations Unit. My duties and responsibilities as a TFO include the investigation of federal crimes including violations of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.

8. I am a law enforcement officer of the United States within the meaning of Title 18 U.S.C. § 3061 and am empowered by law to conduct investigations and make arrests for offenses enumerated in Title 21 U.S.C. § 841(a)(1) and other federal offenses.

9. During my time as a TFO and as detective I have participated in investigations relating to the distribution of controlled substances, including heroin, fentanyl, oxycodone, cocaine, and other substances in violation of the federal and state anti-drug laws, including Title 21, United States Code. Based upon my training and experience, I am familiar with narcotics traffickers' methods of operation, including the distribution, storage, and transportation of narcotics and the collection of money that constitutes the proceeds of narcotics trafficking

activities. I am also familiar with the use of cellular phone technology generally and as it is used to facilitate drug trafficking offenses.

10. I am familiar with the facts and circumstances of this investigation from my own personal participation and from oral and written reports given to me by USPIS Inspectors, United States Postal Service Office of Inspector General (OIG) Special Agents, Task Force Officers, and state and local police departments. Since this affidavit is being submitted for the limited purpose of establishing that probable cause exists to support the issuance of a search warrant, I have not included details about every aspect of the investigation. While this affidavit contains the material information, I am aware of that is pertinent to the requested search warrant, it does not set forth all my knowledge about this matter.

11. Based on the facts set forth in this affidavit, I submit that there is probable cause to believe, and I do believe, that violations of Title 21, United States Code, Sections 841(a)(1) and 846 (conspiracy to distribute controlled substances) have been committed, are being committed, and will be committed by the person using the Target Cellular Phone, and others known and unknown. I submit that there is also probable cause to believe, and I do believe, that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

## PROBABLE CAUSE

12. The USPIS is conducting a long-term investigation of a drug trafficking organization (DTO) which is mailing illegal narcotics to the city of Manchester, NH from Puerto Rico while also mailing the illicit proceeds back to Puerto Rico utilizing the United States Postal Service.

13.     On August 27, 2021, USPIS Inspectors seized a Priority Mail parcel as part of this ongoing investigation. This parcel bore a Priority Mail label, Tracking Number 717, addressed to "Suly Disla, Manchester, NH 03102." This parcel will be henceforth be referred to as "Subject Parcel." USPIS inspectors in Puerto Rico applied for and were granted a federal Search and Seizure Warrant for the Subject Parcel. Upon opening the Subject Parcel, 2 brick-shaped objects made of a pressed white, powdery substance concealed with multiple layers of wrappings, to include freezer bags, carbon paper, and dryer sheets were located within. These two bricks of white substance were found to weigh approximately 2000g and a representative sample of the substance was field tested which yielded a presumptive positive result for the presence of cocaine.

14.     On September 14, 2021, after the Subject Parcel had been removed from the mail-stream, an individual called USPS customer service and inquired as to the status of the Subject Parcel. This call was recorded, and I have reviewed this call. The caller identified herself as the addressee, "Suly Disla", and provided the cellular phone number of 603-820-2656 as the number where she could be reached. The USPS customer service agent stated that they would open an inquiry into where the parcel was currently, but they believed it was still in the mail stream and it would be delivered at a later date.

15.     As part of this ongoing investigation, I have come to know and have had information relayed to me both orally and through written reports from other law enforcement agents, which suggest that the Subject Parcel matches the profile of other parcels which have been seized as part of this investigation and found to contain kilograms of cocaine. As this investigation has continued, it is believed that this DTO has continued sending parcels containing kilograms of cocaine via U.S. Mail after the above-referenced seizures.

16. The female caller tied the Target Cellular Phone to the approximately 2000 grams of seized cocaine by providing it to the USPS customer service agent while inquiring about the Subject Parcel. I therefore believe that the Target Cellular Phone has been used in furtherance of a drug distribution conspiracy and that tracking the Target Cellular Phone will assist in surveillance and likely lead law enforcement to locations and persons involved in drug trafficking.

17. I know through this investigation that members of this DTO have assumed false identities while interacting with USPS employees. A member of this DTO has presented a fake New Hampshire Driver's license to USPS employee which was created to match the addressee name on a parcel which was seized and determined to contain a kilo of cocaine. While another member provided a false name which matched the name on a seized parcel to USPS customer service when making an inquiry about the parcel which subsequently the subject of a federal search warrant and found to contain approximately 2025 grams of cocaine.

18. I know that T-Mobile is a company that provides cellular phone access to the public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of

the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

19. Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Cellular Phone, including by initiating a signal to determine the location of the Target Cellular Phone on T-Mobile's networks or with such other reference points as may be reasonably available.

20. Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Cellular Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication.  I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

21. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

22. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result,

as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

23. I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cellular Phone on T-Mobile's networks or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

24. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Phone outside of daytime hours.

/s/ Matthew McDonald
Matthew McDonald

                        Task Force Officer
                        United States Postal Inspection Service

The affiant appeared before me by telephonic conference on this date pursuant to Fed. R. Crim. P. 4.1 and affirmed under oath the content of this affidavit and application.

Date: Oct 12, 2021
Time: 8:26 PM, Oct 12, 2021

*Andrea K. Johnstone* (signature)

HONORABLE ANDREA K. JOHNSTONE
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

1. The wireless telephone assigned call number 603-820-2656 ("Target Cellular Phone") whose service provider is T-Mobile, a service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey.

2. Information about the location of the Target Cellular Phone that is within the possession, custody, or control of T-Mobile including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Things to be Seized

Historical records related to the Target Cellular Phone described in Attachment A for a period of thirty (30) days including:

a. Subscriber information including but not limited to the customer's name, address, date of birth, social security number, other phone numbers on the same account, etc.;
b. Device identification information including but not limited to the IMEI, IMSI, ESN, MEID, Wi-Fi and Bluetooth MAC Addresses, etc.;
c. Billing information including but not limited to bank accounts/credit cards used to make payment and dates/locations where cash payments were received;
d. Complete records of usage for voice, SMS, and data sessions, including but not limited to dates, times, durations, called numbers, calling numbers, cellular towers and sectors utilized for each communication, etc.;
e. RTT records, PCMD records, NELOS records, TrueCall records, and all other records containing timing advance measurements and distance-to-tower measurements for all technologies (CDMA, GSM, UMTS, LTE, etc.); and
f. Internet activity reports, records of Internet Protocol (IP) usage, etc.

Prospective information about the location of the Target Cellular Phone described in Attachment A for a period of thirty (30) days, during all times of day and night, including:

1. E-911 Phase II data;

2. GPS data;

3. Latitude-longitude data;

4. Other precise location information;

5. Pen Register / Trap and Trace device with prospective cell site information or data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the Target Cellular Phone(s) during any voice, SMS, and/or data transmission.

*(This warrant does not authorize the collection of any content of any communications.)*

The electronic service providers must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Information about the location of the Target Cellular Phone unobtrusively and with a minimum of interference with services, including by initiating a signal to determine the location of the Target Cellular Phone(s) on their respective networks, and at such intervals and times directed by the government. The government shall compensate the electronic service providers for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of Information about the location of the Target Cellular Phone(s). *See* 18 U.S.C. § 3103a(b)(2).

The electronic service providers shall not disclose the existence of the search warrant to the listed subscriber or to any other person for a period of one year from the date of this Order, or upon notice by the government within 30 days of the conclusion of its investigation, whichever is earlier, unless the Court extends such period under 18 U.S.C. § 2705(b). *See* 18 U.S.C. § 2705(b). The electronic service providers may disclose this Order to an attorney for the purpose of receiving legal advice.